IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EDWARD ALLEN WATTS and                                                                    PLAINTIFFS
LINDSAY LOPEZ[1]

v.                                  Civil No. 2:19-CV-02010

SYDNEY ANN WATTS,                                                                         DEFENDANTS
STUART NEIL WATTS,
FORT SMITH POLICE DEPARTMENT,
CITY OF FORT SMITH, PROSECUTING
ATTORNEY DANIEL SHUE,
PROSECUTING ATTORNEY
KRISTOPHER KOELEMAY, and
BRIAN LEE WATTS

## ORDER

Plaintiffs, Edward Allen Watts and Lindsay Lopez, proceed *pro se* in this case. Currently before the Court is Plaintiffs' Motion to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 2). Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen all Complaints in which a Plaintiff seeks to proceed IFP prior to service.

### I. BACKGROUND

Plaintiffs filed their Complaint on January 14, 2019. (ECF No. 1). Plaintiff, Edward Allen Watts, has subsequently filed several Supplements, Revised Supplements, Notices, and a Revised Statement of Claim. (ECF Nos. 4, 7, 8, 9, 10, 11, 13, 14, 15, 16). Plaintiffs provide the following summary of their case:

> Sydney Ann Watts and Stuart Neil Watts committed three violations of 18 USC
> 1038 along with multiple other criminal and civil offenses against Lindsay Lopez

---

[1] Plaintiff Watts included Lindsay Lopez as a Plaintiff in this case. Plaintiff Lopez signed the original complaint and separate IFP application, but she has signed only one (ECF No. 10, p. 7) of the subsequent supplements, revised supplements, notices, and revised statement of claim. Plaintiff Watts has provided no indication that he is an attorney who may represent the interests of another party in this case. As a non-attorney, Plaintiff Watts may not engage in the practice of law on behalf of others. *See, e.g. Jones ex rel. Jones v. Correctional Med. Services, Inc.*, 401 F.3d 950, 952 (8th Cir. 2005).

1

and me, Edward Allan Watts, within the last 10 years. Pursuant to that, 12th Judicial District Prosecuting Attorney Kristopher Koelemay and Daniel Shue entered into a corrupt bargain with them to deprive me of my First, Fourth, and Fifth Amendment Rights as guaranteed by the Constitution of the United States of America. Additionally, law enforcement and proxies under command of the 12th Judicial District, and outside agencies at Shue's behest, entered into a catastrophic harassment campaign against Lindsay and me. As such, we the plaintiffs are pursuing all defendants under 18 USC 1964 civil remedies.

(ECF No. 11 at 2).

Plaintiffs list the following statutes as the basis for their Statement of Claim:

18 USC 1964 Civil Remedies
18 USC 1038 (a)(b) False Information
18 USC 1038 (a)(b) False Information
18 USC 1962 Prohibited Activities
18 USC 1038 (a)(b) False Information
42 USC 1983 Deprivation of Rights
42 USC 3631 Discrimination (Multiple Counts)
Ark 16-56-111 Breach of Contract

Related Statutes:

18 USC 1961 Sec. 1503 Obstruction of Justice (Three violations of 18 USC 1038 within a ten year period)

18 USC 371 Conspiracy to Conceal Federal Crimes

(ECF No. 11 at 2) (citation and description as listed in original).

Plaintiffs' claims arise from an agreement to rent living space that he and Lopez entered into with Defendants, Sydney Ann Watts and Stuart Neil Watts, in "late September and early October 2009." (*Id*.). Plaintiffs allege an agreement was entered into with the Social Security Agency for this living arrangement. (*Id*.). Plaintiffs allege numerous incidents at the 6001 Bolton Road residence, including issues with financial extortion, lack of repairs to the residence, living conditions at the residence, unauthorized entry into his room, abuse and racism, and the subsequent eviction of Plaintiffs. (*Id*. at 2-6). Plaintiffs state they were evicted by Fort Smith police officers on January 9, 2014, despite being current on their rent payment. (*Id*. at 4). Plaintiffs requested a

"bilingual sexual assault specialist" at the Fort Smith Police Department on January 14, 2014, due to the "racism aspect" of their situation. Plaintiffs allege they were humiliated at the police department. (*Id*. at 4). Plaintiffs were permitted to re-enter the residence under police supervision on January 15, 2014 to collect their belongings. (*Id*. at 5).

On February 7, 2014, Plaintiffs filed a report with "Fort Smith police and multiple agencies detailing the eviction and other offenses." (*Id*. at 5). On February 10, 2014, Defendant Sydney Watts and another member of the Watts family filed a "false report" against Plaintiff with the Fort Smith police "and/or" the 12th District prosecuting attorney's office in retaliation against Plaintiff for exercising his federally-protected whistle-blower's rights. (*Id*.). Between February 10, 2014 and September 18, 2018, Plaintiffs allege they were harassed by "local law enforcement and others." (*Id*. at 5-6). On March 1, 2019, Plaintiff filed an audio recording of two alleged harassment incidents with the Court. (ECF No. 13).

## II. LEGAL STANDARD

The Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious; (2) fail to state a claim upon which relief may be granted; or, (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff

3

must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

### A. No Private Cause of Action

Several of the statutes Plaintiff lists as comprising his federal question jurisdiction are federal criminal statutes. As a private citizen, Plaintiff has no authority to initiate a federal criminal prosecution. *See, e.g.*, *Leeke v. Timmerman*, 454 U.S. 83, 85 (1981) (a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (criminal statutes do not provide private causes of action.). 18 U.S.C.A. §§ 371, 1038, and 1503 are federal criminal statutes which do not permit private causes of action.

18 U.S.C.A. § 1038 is a federal criminal statute which addresses criminal liability for false information or hoaxes. *See United States v. Evans,* 478 F.3d 1332, 1343 (11th Cir. 2007) (referencing § 1038 as a criminal statute designed to prosecute those criminal and terrorist threats made against the country). Section 1038(b) provides that a person may be liable in a civil action "under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take pace that would constitute a violation of [various statutes relating to weapons and explosives, terrorist acts, and related activities]." *Mackall v. U.S. Dept. of Def.*, Case No. CV RDB-17-0774, 2017 WL 5564665 at *6 (D. Md. Nov. 20, 2017), *aff'd*, 721 F. App'x 303 (4th Cir. 2018) (unpublished). While Section 1038(b) has not been addressed by the Eighth Circuit, other District Courts "have found that this provision does not create an independent cause of action that may be brought by a private citizen." *Cope v. Hancock*, Case No. 5:18-cv-552-LCB, 2019 WL 414874 at n.1 (N.D. Ala. Feb. 1, 2019) (collecting cases from the Eastern District of Michigan, and Northern District of Ohio). Rather,

"the provision acts only as an additional layer of enforcement against those who violate 18 U.S.C. § 1038(a)(1), and is not intended to represent a stand alone cause of action." *Manuel v. United States,* 78 Fed. Cl. 31, 35 (Fed. Cl. 2007). Further, the statute provides that the only entities entitled to recover 1038(b) reimbursement for a violation of 1038(a) are state or local governments or not-for-profit organizations that provide fire or rescue service. Plaintiffs, therefore, cannot bring an independent private cause of action under this statute, and they are not an entity eligible for reimbursement.

18 U.S.C.A. § 371 is entitled Conspiracy to Commit Offense or to Defraud United States. Like § 1038, there is no private right of action under § 371. *Rockefeller v. U.S. Ct. of Appeals Off., for Tenth Cir. JJ.*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003).

Finally, "[f]ederal courts have consistently denied a private civil right of action under 18 U.S.C. § 1503, the criminal statute against jury tampering, witness intimidation, and obstruction of justice." *Scherer v. United States.*, 241 F. Supp. 2d 1270, 1282 (D. Kan. 2003), *aff'd sub nom. Scherer v. U.S., Dept. of Educ.*, 78 F. App'x 687 (10th Cir. 2003) (unpublished) (collecting cases).

Accordingly, Plaintiffs cannot bring a private cause of action under any of these federal criminal statutes.

### B. Statute of Limitations

Plaintiffs also cite several federal statutes for their claims which do permit private causes of action. Most of their claims under these statutes, however, are time-barred by the appropriate statute of limitations.

#### 1. 42 U.S.C.A. § 3631 – Fair Housing

Pursuant to 42 U.S.C.A. 3613(a)(1)(A), a private citizen may bring a civil action "not later than two years after the occurrence or the termination of an alleged discriminatory housing

5

practice." As Plaintiffs filed their Complaint on January 14, 2019, any discriminatory housing claims which occurred prior to January 14, 2017 are barred by the statute of limitations.

### 2. 42 U.S.C.A. § 1983 – Civil Action for Deprivation of Civil Rights

Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987) (§ 1981 case); *Wilson v. Garcia*, 471 U.S. 261, 268 (1985) (§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996) (§ 1985 case). In Arkansas, this is the three-year personal injury statute of limitations, Ark. Code Ann. § 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Thus, any § 1983 claims based on events that occurred prior to January 14, 2016 are barred by the statute of limitations.

### 3. 18 U.S.C.A. §§ 1962 and 1964 -RICO

Section 1964 of the Racketeer Influenced and Corrupt Organizations Act ("RICO") permits a civil remedy for "any person injured in his business or property by reason of a violation of section 1962 of this chapter." 18 U.S.C.A. § 1964(c). The predominant elements in a substantive RICO violation are: (1) conduct, (2) of an enterprise, (3) through a pattern of racketeering activity. *Salinas v. U.S.*, 522 U.S. 52, 62 (1997). The statute of limitations for a RICO claim is four years. *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 805 (8th Cir. 2006). Thus, any civil RICO claims based on events which occurred prior to January 14, 2015 are barred by the statute of limitations.

### C. Allegations Not Time-Barred

As stated above, Plaintiffs' Fair Housing claims are time-barred prior to January 14, 2017; their § 1983 claims are barred prior to January 14, 2016; and, their civil RICO claims are

barred after January 14, 2015. Applying the January 14, 2015 cutoff date, the following claims remain for consideration:

> On July 23, 2016, the University of Arkansas Fort Smith police did not respond when I reported this infant female undergarment on a bench outside the university's Boreham Library.
>
> On September 4, 2016, a group of individuals approached Theresa Reeves, Lindsay, and me in Fort Smith's Rogers Avenue Walmart Neighborhood Market while we were discussing the eviction. Their perceived intent was to intimidate us into ending our conversation. I am in possession of an audio recording from that occasion where Theresa deeply impugns the character of Sydney Watts and her soon to be ex-husband, Stuart Neil Watts and talks about him having a habit of filing false or questionable police reports "...calling 911 every other day..."
>
> On December 25, 2016, Fort Smith police failed to respond when Lindsay and I called them regarding a violent altercation in our downstairs neighbor's apartment.
>
> On June 21, 2017, the incident from the photo of my Facebook post occurred.[2]
>
> On Sept 18, 2018, that same little boy from June 21, 2017 named "Corday" approached me and made statements to the effect how Fort Smith police officers told his mom I would be in jail soon, and she should make trouble for me. I possess an audio recording of that conversation.

(ECF No. 11 at 6). Plaintiffs also submitted an audio file on March 1, 2019. (ECF No. 13). The Court has reviewed the audio to the extent possible. The recording of Theresa was corrupted in some manner and the Court was not able to open the file. On March 8, 2019, Plaintiffs submitted the following revised transcript for the Theresa conversation:

> On September 4, 2016, Lindsay Lopez and I encountered Theresa Reeves in Fort Smith's Rogers Avenue Walmart Neighborhood Market. Lindsay and I agreed to covertly record our conversation.
>
> Theresa made at least two remarks distinctly relevant to 2:l9CV2010.
>
> She stated that Stuart Neil Watts has a habit of calling 911 like all the time.

---

[2] Plaintiff does not identify what this incident is in his allegations or what document he is referring to amongst his various submissions.

> When Lindsay said something like Stuart Neil was never interested in associating with her, Theresa replied. "That's because you weren't white."
>
> Later, a man accompanied by two women came up and physically insinuated themselves into our conversation. Their clear intent was disrupting us. The man was wearing a cowboy hat and sunglasses at night. and his companions were somewhat unusually dressed as well. I do not believe their voices can be heard on the recording.

(ECF No. 16).

The audio file for "Corday" was reviewed. On March 8, 2019, Plaintiffs submitted the following revised transcript for the Corday conversation:

> On Sept 18, 2018, the little boy referred to in the screenshot of a Facebook post from our Statement of Claim approached me as I walked out of Timberline Apartments. His name is pronounced Corday, and at that time, he lived in Apt. 135. Without encouragement, "Corday" began discussing the previous incident and said, among other things, that the police told his mom I'd be in jail soon. I had believed he said the police told his mom she should make trouble for me, and he may have said something to that effect before I began recording. However, he actually said no when asked about it. I only captured the end of our conversation.

(ECF No. 16). This transcript appears to accurately reflect what could be heard on the audiotape.

Nothing in these remaining allegations mentions any discriminatory housing practices in violation of the Fair Housing Act.

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the constitution. *West v. Atkins,* 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

8

To determine the presence of state action, a court must examine the "record to determine whether 'the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State.'" *Montano v. Hedgepeth,* 120 F.3d 844, 848 (8th Cir. 1997) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). There can be no "fair attribution" unless the alleged constitutional violation was "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible." *Lugar*, 457 U.S. at 937. In addition, "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Id.*; *see also Roudybush v. Zabel*, 813 F.2d 173, 176-77 (8th Cir. 1987).

Here, Plaintiff's only direct allegations against any type of governmental or state actor are his statements that the Fort Smith police department and the University of Arkansas police failed to respond to Plaintiffs' incident reports. These allegations are subject to dismissal for two reasons.

First, neither police department is a person subject to suit under § 1983. *See, e.g., Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (West Memphis Police Department and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that police and sheriff's departments are not usually considered legal entities subject to suit); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a legal entity subject to suit under § 1983).

Second, Plaintiffs do not have a constitutional right to have the police respond to or investigate their calls. *See, e.g., DeShaney v. Winnebago County Dept. of Soc. Services*, 489 U.S.

189, 195 (1989) (The Due Process Clause "forbids the State itself to deprive individuals of life, liberty, or property without "due process of law," but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means."); *Gini v. Las Vegas Metro. Police Dept.*, 40 F.3d 1041, 1045 (9th Cir. 1994) ("The police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty o[r] property). Thus, the facts set forth in Plaintiffs' Complaint do not support any plausible claims under § 1983.

Finally, Plaintiff's allegations do not state a plausible civil RICO claim. Again, the elements for a substantive RICO violation are: (1) conduct, (2) of an enterprise, (3) through a pattern of racketeering activity. *Salinas*, 522 U.S. at 62. "Racketeering activity includes a host of so-called predicate acts, including those indictable under 18 U.S.C. section 1341 (relating to mail fraud) and section 1343 (relating to wire fraud)." *Stonebridge Collection, Inc. v. Carmichael*, 791 F.3d 811, 822 (8th Cir. 2015) (internal quotations and citations omitted). To recover on a civil RICO claim, Plaintiffs must show that they were victimized by a racketeering scheme. *Id*. RICO "was not intended to apply to ordinary commercial fraud." *Id*. Nothing in Plaintiffs' remaining allegations make out a claim for either ordinary commercial fraud or a civil RICO claim.

### D. Ark. Code Ann. § 16-56-111

Because Plaintiff has not alleged any claims over which this Court has original jurisdiction, the appropriate course of action is to decline supplemental jurisdiction for any state claims pursuant to 28 U.S.C.A. § 1367(3).

## IV.  CONCLUSION

For the reasons and upon the authorities discussed above, IT IS ORDERED that Plaintiffs' Motion for IFP (ECF No. 2) is DENIED and their claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 18th day of March 2019.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U. S. DISTRICT JUDGE